■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL WRIGHT, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered January 9, 1963 after a jury trial, convicting him on four counts of: (1) felonious possession of a narcotic drug with intent to sell on May 16, 1962 (Penal Law, § 1751, subd. 2); and (2) felonious sale of a narcotic drug on the same date (Penal Law, § 1751, subd. 1), and sentencing him as a second felony offender to serve a term of 10 to 20 years. Judgment affirmed. In our opinion, the proof presented a clear-cut issue of fact as to whether the defendant was the seller of the drugs or merely the buyer's accomplice or agent in purchasing the drugs for him. The case was in effect submitted to the jury, without exception, on that theory. On this record we believe the jury was warranted in finding that the proof established beyond a reasonable doubt: (1) that the defendant was not the buyer's agent or accomplice; (2) that the defendant was the one who actually sold the drugs to the buyer, irrespective of whether the defendant acted as the agent for an undisclosed principal or as an independent contractor; (3) that in his capacity as seller the defendant actually received $25 for the drugs; and (4) that the defendant did make some profit on the transaction, either in cash or by obtaining an extra packet of the drugs for himself. In our opinion, these findings are fair inferences from all the proof adduced. In any event, what disposition the defendant may have made of the $25, or whether defendant paid the original supplier or how much defendant paid him, or whether defendant made any profit or how much profit,

is not controlling. The proof amply supports the jury's finding that defendant himself was the seller and that he received either all or some portion of the proceeds of the sale. We find the facts here to be materially different from the facts in *People* v. *Lindsey* (16 A D 2d 805, affd. 12 N Y 2d 958) — a case upon which the minority relies. There the proof showed: (a) that the defendants in fact acted as the accomplices or agents of the buyer (a police officer) in purchasing the drug; (b) that the real supplier, one Isadore Littman, openly made the sale himself directly to the buyer; and (c) that Littman was originally indicted and named as a codefendant but he pleaded guilty to unlawful possession of the narcotic drug and thus was not tried together with the other defendants. Beldock, P. J., Brennan and Hopkins, JJ., concur; Christ and Hill, JJ., dissent and vote to reverse the judgment and to dismiss the indictment with the following memorandum by Hill, J., in which Christ, J., concurs: Defendant's conviction rests on a single sale of narcotic drugs to a paid investigator of the District Attorney's office, an investigator who is himself a former user of drugs with a police record. The proof indicates that defendant acted solely as an agent for this investigator. The latter drove his automobile, in which defendant was a passenger, from Newburgh, Orange County, to New York City. Before leaving, the investigator paid defendant $25 to purchase narcotic drugs for the use of the investigator. Two stops were made in New York City. The defendant left the investigator, who remained in the car, for the purpose of purchasing narcotics. The only proof that defendant made any profit in the transaction is the testimony of the investigator that defendant asked for $5 for "hisself." This meager and uncorroborated testimony is insufficient as a matter of law, in my opinion, to indicate that defendant profited by such sum or any other sum from the receipt of the $25 which was given for the express purpose of purchasing drugs for the investigator. Nor is there any proof that defendant was in any way associated or acted in business with any seller or sellers of drugs or that he engaged in a common scheme or plan to sell narcotics for profit. The undisputed facts show that defendant acted solely at the behest of the District Attorney's investigator and in his interest, and the record is barren of proof that the defendant had acted or was acting as agent for any unknown sellers. It follows that the rule should be applied that one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics (*People* v. *Branch,* 13 A D 2d 714; *People* v. *Buster,* 286 App. Div. 1141; *People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958; *United States* v. *Sawyer,* 210 F. 2d 169; *United States* v. *Moses,* 220 F. 2d 166).