[No. 1376-1.    Division One—Panel 2.    November 20, 1972.]

THE STATE OF WASHINGTON, *Appellant,* v. JAN GILBERT WALKER, *Respondent and Cross-appellant.*

Robert E. Schillberg, Prosecuting Attorney, and David G. Metcalf, Deputy, for appellant.

Merle E. Wilcox, for respondent and cross-appellant (appointed counsel for appeal).

FARRIS, A.C.J.—The state charged that Jan Gilbert Walker with one Scott Jefferson did "wilfully, unlawfully and feloniously sell, barter, give away or distribute to another a dangerous drug, to-wit: dl-amphetamine." Scott Jefferson pleaded guilty on the day of trial and Walker was tried alone.

Following a jury verdict finding him guilty as charged, Walker moved for arrest of judgment or, in the alternative, a new trial on the ground that there was insufficient evidence to find that he was an agent for the seller. The trial court granted the motion for arrest of judgment and denied the motion for a new trial. The state appeals from the granting of the motion for arrest of judgment and Walker cross-appeals from the order denying his motion for a new trial.

A police informant, Debbie McQueston, introduced Agent Overbeck of the Washington State Patrol Drug Control Assistance Unit to defendant Jan Walker. Overbeck asked Walker if he knew where he could "score some dope." Walker said he had none but might know where he could get some. All three parties entered an automobile and after several fruitless stops they reached the apartment of Scott Jefferson. McQueston had shown the parties how to get there. After first conferring with Jefferson, Walker purchased some amphetamines for both the agent and himself. In exchange for the amphetamines, Overbeck paid Walker $7.50.

The jury was instructed in line with the decision in *State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971) which followed (and perhaps expanded) *State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274 (1970).

You are instructed that mere physical presence and assent to the commission of the crime is not enough to constitute one an aider or abettor of the principal committing the crime.

Instruction No. 11.

A person who purchases, or aids and abets a purchaser, is not by that fact alone guilty of a sale of dangerous drugs or aiding and abetting a sale of dangerous drugs.

Instruction No. 12.

For JAN GILBERT WALKER to be an aider and abettor, you must find beyond a reasonable doubt that he had an intent to aid the defendant JEFFERSON in engaging in the sale in question, if you find such a sale did take place.

Instruction No. 13. Walker, through his counsel, argued to the jury that he (Walker) was an agent for the purchaser and not the seller; the jury rejected the argument.

■ When an order granting a motion in arrest of judgment is reviewed on appeal, the question is whether the issue should have been submitted to the jury upon proper instructions. Whether the evidence is sufficient to submit the issue to the jury is a question of law for the court and no element of discretion is involved.

When there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury. *State v. Reynolds,* 51 Wn.2d 830, 322 P.2d 356 (1958). *See also State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971).

Here the state introduced evidence from which the jury could have found that Walker conducted all the negotiations with Jefferson; that Jefferson dealt solely with Walker; that Jefferson would not have dealt with the agent without Walker's presence; and that Walker conveyed the money to Jefferson and the drugs to the agent. We find that

there was sufficient evidence to submit to the jury the question of whether Walker was the agent of the seller Jefferson or of the buyer Overbeck. *See United States v. Barcella,* 432 F.2d 570 (1st Cir. 1970); *United States v. Sawyer,* 210 F.2d 169 (3d Cir. 1954); *People v. Wright,* 20 App. Div. 2d 652, 246 N.Y.S.2d 250 (1964).

█ The question then is whether the jury was properly instructed. No error is assigned to the instructions given, but Walker assigned error to the failure to give his proposed instruction No. 3.

If an individual is an agent for purchaser, then he cannot be an agent or an aider and abettor for the seller or a person who barters, gives away, exchanges or otherwise distributes drugs.

We find no error in the failure to give the proposed instruction. The jury was fully instructed on the law under the instructions given. They provided Walker full opportunity to argue sensibly his theories of the case. *Samuelson v. Freeman,* 75 Wn.2d 894, 454 P.2d 406 (1969); *State v. Elder,* 70 Wn.2d 414, 423 P.2d 533 (1967). We therefore need not reach the question of whether his proposed instruction was a proper statement of the law.

Walker also argues that the action against him should have been dismissed since the statute under which he was charged had been repealed without an applicable saving clause prior to the date of the commencement of the action against him.

Walker's alleged violation occurred on May 16, 1971; the statute under which he was charged, RCW 69.40.060, was repealed on May 21, 1971; he was charged on June 14, 1971.

█ The saving clause (RCW 69.50.606) specifically drafted for the repealed statute exempts three categories from repeal: (1) Rights and duties which matured, (2) penalties which were incurred, and (3) proceedings which were begun before the effective date of the new act. *See* RCW 69.50.606. The general saving clause, RCW 10.01.040, which is applicable to all repealed criminal statutes provides:

No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

This general saving clause was given an expansive interpretation in *State v. Hanlen*, 193 Wash. 494, 497, 76 P.2d 316 (1938):

Unless the later statutes clearly manifest a different intention, this general saving clause [RCW 10.01.040] is deemed a part of every repealing statute as if expressly inserted therein, and hence renders unnecessary the incorporation of an individual saving clause in each statute which amends or repeals an existing penal statute.

We find nothing in RCW 69.50 (which replaces RCW 69.40.060) which would negate the application of RCW 10.01.040. We find instead that the express legislative intent was to the contrary:

Prosecution for any violation of law occurring prior to May 21, 1971 is not affected or abated by this chapter. If the offense being prosecuted is similar to one set out in Article IV of this chapter, then the penalties under Article IV apply if they are less than those under prior law.

RCW 69.50.601(a).

The trial court erred in granting the motion in arrest of

judgment. It properly denied the motion for a new trial.

The cause is remanded to the trial court with instructions to enter judgment on the verdict.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied December 29, 1972.

Review granted by Supreme Court February 21, 1973.