[No. 42681.    En Banc.    October 4, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JAN GILBERT WALKER, *Petitioner*.

*Merle E. Wilcox*, for petitioner.

*Robert E. Schillberg, Prosecuting Attorney, David G. Metcalf* and *James Twisselman, Deputies*, for respondent.

FINLEY, J.—This appeal involves a prosecution for the unlawful sale of a dangerous drug, and specifically concerns the propriety of a proposed jury instruction pertaining to the criminal liability of one who purchases illegal drugs for another.

The facts of this case are as follows: On May 16, 1971, the defendant/respondent, Jan Walker, was approached by a police informant, Debbie McQueston, and an undercover agent, Mayo Overbeck, and was asked to secure illegal

drugs for them. Walker explained that he had no drugs himself, but could assist them in locating some. The three visited various localities without success in their endeavor. Finally, an individual identified as "Scott Jefferson" was suggested as a potential source for obtaining drugs. Walker had no knowledge of Scott Jefferson's location or residence; it was the police informant, McQueston, who led the threesome to Jefferson's home. Upon arriving at the Jefferson residence, Walker consented to a proposal by Overbeck to purchase two "nickel bags" of amphetamine on Overbeck's behalf. Walker then consulted with Jefferson, and returned to Overbeck with a report that Jefferson acquiesced in the requested sale of drugs. Overbeck gave purchase money to Walker who in turn gave it to Jefferson in return for the drugs. On June 14, 1971, Walker and Jefferson were charged with the unlawful sale of a dangerous drug, to wit: dl-amphetamine. Jefferson pleaded guilty on the day of trial, and Walker was tried alone. On October 28, 1971, a jury verdict in this matter was returned finding the defendant, Jan Walker, guilty as charged. Walker then moved for arrest of judgment or, in the alternative, a new trial upon the basis that insufficient evidence had been presented to demonstrate any agency relationship to the seller, Scott Jefferson. More specifically, counsel for Walker argued that Walker had acted rather as an agent for the purchaser and therefore, pursuant to *State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971), Walker could not have been acting as an agent for the seller. In this regard, defense counsel argued that the court had erred in rejecting a proposed jury instruction which would have set out this *Catterall* holding. After giving substantial consideration to the language and ruling in *Catterall,* the trial court concurred in the logic of defense counsel, concluding that under *Catterall* an agent for a purchaser of dangerous drugs is exempt from prosecution for the sale of such drugs. The trial court granted the motion for arrest of judgment and denied the motion for a new trial. Thereafter, the state appealed the order in arrest of judgment,

and Walker cross-appealed the order denying his motion for a new trial. On appeal, the Court of Appeals reversed the trial court's order in arrest of judgment and affirmed the denial of the motion for a new trial. We granted a petition by the defendant for review of that appellate judgment.

▮ Pertinent to the propriety of the trial court's initial rejection of the jury instruction proposed by defense counsel concerning the exemption from prosecution of an agent of the purchaser, the full text of the Court of Appeals opinion in this case is as follows:

> The question then is whether the jury was properly instructed. No error is assigned to the instructions given, but Walker assigned error to the failure to give his proposed instruction No. 3.
>> If an individual is an agent for purchaser, then he cannot be an agent or an aider and abettor for the seller or a person who barters, gives away, exchanges or otherwise distributes drugs.
> We find no error in the failure to give the proposed instruction. The jury was fully instructed on the law under the instructions given. They provided Walker full opportunity to argue sensibly his theories of the case. *Samuelson v. Freeman*, 75 Wn.2d 894, 454 P.2d 406 (1969); *State v. Elder*, 70 Wn.2d 414, 423 P.2d 533 (1967). We therefore need not reach the question of whether his proposed instruction was a proper statement of the law.

*State v. Walker*, 7 Wn. App. 878, 881, 503 P.2d 128 (1972). Curiously, the Court of Appeals made this broad, conclusory statement that the jury was fully instructed on the law with no mention, and, of course, with no analysis of *Catterall*—the critical and primary basis for the trial court's arrest of judgment. For this reason alone, review of the judgment of the Court of Appeals seems indicated. Concerning the associated conclusion that Walker was afforded full opportunity under the instructions given to sensibly argue his theories of the case, the record indicates that the following pertinent jury instructions were given at trial:

*Instruction No. 11*
> You are instructed that mere physical presence and

assent to the commission of the crime is not enough to constitute one an aider or abettor of the principal committing the crime.

*Instruction No. 12*

A person who purchases, or aids and abets a purchaser, is not by that fact alone guilty of a sale of dangerous drugs or aiding and abetting a sale of dangerous drugs.

*Instruction No. 13*

For JAN GILBERT WALKER to be an aider and abettor, you must find beyond a reasonable doubt that he had an intent to aid the defendant JEFFERSON in engaging in the sale in question, if you find such a sale did take place.

The principal issue for this court then is whether, in fact, the jury was fully instructed on the law under instructions 11, 12, and 13. In this regard, instruction 11 amounted to a restatement of that portion of *State v. Catterall, supra* at 379, which held that "mere physical presence and assent to the commission of the crime is not enough to constitute one an aider or abettor of the principal committing the crime." Instruction 12 set out the related holding in *Catterall* that "one who merely aids a purchaser in effecting a purchase of dangerous drugs is not on that account criminally responsible under RCW 9.01.030 [the aiding and abetting statute] for violating RCW 69.40.060 [the unlawful sale of dangerous drugs statute]." *State v. Catterall, supra* at 376. However, we are convinced that instructions 11, 12, and 13 failed to incorporate the remaining reasoning and holding of *Catterall* which provided as follows:

The state recognizes that RCW 69.40.060, unlike the now repealed 26 U.S.C. §§ 4704, 4705, does not punish the drug purchaser. . . . *It punishes only the drug seller.* Furthermore, the exemption of the purchaser is emphasized by the fact that RCW 69.40.060 does not expressly provide for criminal responsibility of the aider or abettor.

. . .

. . . [W]hen a purchaser is exempted, the statute *retaining criminal responsibility only for the seller,* the purchaser by his participation in the purchase, *is not to be treated as an accomplice of the seller.* . . .

What has been said about the noncriminal responsibil-

ity of the exempt purchaser applied also to his agent or one who assists the purchaser to make the purchase. . . . It makes little sense to exempt the purchaser and yet hold his agent or helper criminally responsible for aiding the purchaser [to] do what is lawful. . . .

. . .

. . . Since the purchaser cannot be held responsible as a principal by reason of his participation in the purchase, neither should the defendant be responsible for his help to the purchaser in effecting that purchase.

(Footnote omitted. Italics ours.) *State v. Catterall, supra* at 376, 378-80. It is one thing to say, as did instructions 11, 12, and 13, that mere assistance to a purchaser of dangerous drugs constitutes an insufficient basis, in and of itself, for criminal liability as a seller or agent of the seller. It is quite another thing to hold, as did the Court of Appeals in *Catterall*, that one who assists a purchaser is entitled to the purchaser's total exemption from prosecution for participating in the transaction, *and cannot be charged with any criminal responsibility for aiding and abetting the seller, regardless of any assistance he may have actually given the seller in addition to that given the purchaser.* In this regard, it is entirely possible that a defendant could participate in the sale of dangerous drugs in a dual role, *i.e.,* as agent for both the purchaser *and* the seller. Under *Catterall*, by the single fact of an agency relationship with the purchaser, his additional conduct in aid of the seller would be exempt from prosecution. However, the jury instructions given in the instant case did not take into account the exemption given to a purchaser or his agent as required by *Catterall*. It was because of this omission that the trial court arrested judgment below. It is for this same reason that we conclude that the jury was not fully instructed on the law, and that the broad assertion of the Court of Appeals to the contrary was inappropriate and should be reversed and modified. Since *Catterall* constituted controlling law at the time of trial, and since the jury was not fully apprised of the existing law through an appropriate instruction restating the above pertinent holding

of *Catterall*—although such an instruction was requested by the defendant—the trial court properly noted its error in this respect.

As a secondary matter, the record demonstrates frequent interruptions at trial during the closing arguments of both counsel concerning this issue of exemption from criminal liability of an agent of the purchaser. Defense counsel's attempts to argue this *Catterall* approach were rejected, and effectively thwarted. As indicated above, the instructions given constituted an insufficient statement of existing law, and certainly were not as broad as that permitted by *Catterall* and which the defendant proposed. That the defendant was unable to fully and sensibly argue his theories of the case under the instructions given is amplified by the discourse of the trial court in considering the post-trial motions:

> THE COURT: In other words, what you are telling me is simply this: If this defendant Walker went up to purchase himself, for himself, he wouldn't be guilty of anything.
>
> MR. METCALF: Right.
>
> THE COURT: But because he helped somebody, as an agent for the purchaser, he now becomes guilty of some crime, that of aiding and abetting a seller, and I just don't buy that.
>
> . . .
>
> And another thing, I am going to say in connection with this: It offends my sense of justice. Now, the purpose of the law, I would think, and our statutes all indicate that the serious problem that we have is the person that's a pusher, the seller, and when the State becomes a party to soliciting somebody to find a seller, and he does this, and he aids the State, and it amounts to a plea of guilty or the conviction of a seller, and then for the State to turn around and prosecute the person who was responsible for getting the real culprit in the action, and attempts to and does saddle him with the same crime, it offends my sense of justice and I grant the motion.

Thus, the trial judge agreed with the logic of the defense, supported by the earlier stated rule of *Catterall*. This rea-

soning of the trial court, and the pertinent holding in *Catterall* which afforded the basis for this discourse, were not encompassed in the jury instructions which were given. We believe that the Court of Appeals in this case erred in broadly assuming that Walker was permitted full opportunity to argue effectively his theories of the case.

In ruling as we have in this case, we are not intimating either approval of or satisfaction with the *Catterall* decision. As stated earlier, the inflexible rule that an agent of a purchaser of dangerous drugs is totally exempt from prosecution for his simultaneous counter role as agent for the seller is far reaching indeed, and in our opinion misconstrues RCW 69.40.060. That statute, while proscribing only the unlawful *sale* of dangerous drugs, does not extend the purchaser's exemption from criminal liability to an agent of the purchaser *who is also an agent of the seller*, i.e., the "dual role" defendant. To construe the statute otherwise permits the unrealistic rule that the criminally proscribed act of aiding and abetting a seller of dangerous drugs may be *excused* if the defendant also happens to assist the purchaser. Thus, we are not satisfied with that portion of *Catterall* which provides that an agent for the purchaser can never be an agent for the seller. However, *Catterall* was controlling law at the time of trial, and Walker's proposed jury instruction which set forth the *Catterall* holding should have been given to the jury.

Finally, aside from our consideration of the merits of *Catterall*, our evaluation of the evidence presented at trial in this case provides no convincing basis on which a jury conviction of the defendant as an aider or abettor of the seller of the subject drugs could be sustained. In granting the motion for arrest of judgment and denying the motion for a new trial, the trial judge *in effect dismissed the action*. This seems to us the proper result.

We affirm the action of the trial court, and the decision of the Court of Appeals is reversed and modified as hereinbefore indicated.

HALE, C.J., ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied December 12, 1973.