[No. 43029.    En Banc.    May 23, 1974.]

CANTEEN SERVICE, INC., *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*Jennings P. Felix & Associates,* by *Jennings P. Felix,* for appellant.

*Slade Gorton, Attorney General, Timothy R. Malone, Senior Assistant,* and *Henry W. Wager, Assistant,* for respondent.

WRIGHT, J.—This appeal raises a single question. May a retail seller of cigarettes exclude from the "selling price" or the "gross proceeds of sales" a sum equal to what has been paid for cigarette tax stamps? The trial court answered in the negative and we affirm.

The appellant sells cigarettes through coin operated vending machines. An audit by the Department of Revenue for the period from January 1, 1962, through June 30, 1966, resulted in an assessment of $144,894.05. Appellant paid under protest and brought this action to recover that sum.

The trial court allowed $16,665.90 which represented the sales tax and business and occupation tax assessed upon that part of the selling price which was separately stated as retail sales tax. No appeal was taken from that part of the trial court's determination.

All of the remainder of the appellant's claim was dismissed. The amount now in controversy is that part of the sales tax and business and occupation tax assessed against the portion of the total selling price which is equal to the amount paid for cigarette stamp tax.

■ ■   The legal incidence of a tax falls upon the person or entity who has the legal obligation to pay the tax. The legal incidence of a tax does not always fall upon the same person or entity as the economic burden. *Alabama v. King & Boozer*, 314 U.S. 1, 86 L. Ed. 3, 62 S. Ct. 43, 140 A.L.R. 615 (1941) and *Kern-Limerick, Inc. v. Scurlock*, 347 U.S. 110, 98 L. Ed. 546, 74 S. Ct. 403 (1953).

The legal incidence of the cigarette stamp tax is upon "the person who first sells, uses, consumes, handles, . . . or distributes them in the state." RCW 82.24.080. Thus, the legal incidence of the tax will fall upon the one who first brings the cigarettes into the state and does any of the mentioned acts. Thereafter the amount paid for cigarette stamps becomes a part of the price of the cigarettes, just as other costs of doing business.

The position of the respondent is further supported by two statutes. RCW 82.08.010 (1) defines "selling price" for purposes of the retail sales tax as follows:

> (1) "Selling price" means the consideration, whether money, credits, rights, or other property, expressed in the terms of money paid or delivered by a buyer to a seller, all without any deduction on account of the cost of tangible property sold, the cost of materials used, labor costs, interest, discount, delivery costs, *taxes,* or any other expenses whatsoever paid or accrued and without any deduction on account of losses; but shall not include the amount of cash discount actually taken by a buyer; and shall be subject to modification to the extent modification is provided for in RCW 82.08.080.

When tangible personal property is rented or leased under circumstances that the consideration paid does not represent a reasonable rental for the use of the articles so rented or leased, the "selling price" shall be determined as nearly as possible according to the value of such use at the places of use of similar products of like quality and character under such rules as the department of revenue may prescribe.

(Italics ours.)

RCW 82.04.070 defines "gross proceeds of sales" as follows:

"Gross proceeds of sales" means the value proceeding or accruing from the sale of tangible personal property and/or for services rendered, without any deduction on account of the cost of property sold, the cost of materials used, labor costs, interest, discount paid, delivery costs, *taxes,* or any other expense whatsoever paid or accrued and without any deduction on account of losses.

(Italics ours.)

Appellant seeks to rely upon RCW 82.24.010(3) which defines "retail selling price." That section is not applicable. It was incorporated into the statute at a time when the cigarette tax was measured as a percentage of the total selling price, which is no longer true. It contains the language "for the purposes of this chapter" meaning RCW 82.24, which relates solely to cigarette taxes. This litigation relates to retail sales tax and to business and occupation tax. The tax base for those taxes is clearly stated in the above quoted statutes.

■ If the language of the statute is clear and unambiguous, and can have only one meaning, there is no room for construction. *Lane v. Department of Labor & Indus.,* 21 Wn.2d 420, 151 P.2d 440 (1944); *State v. Houck,* 32 Wn.2d 681, 203 P.2d 693 (1949); *Krystad v. Lau,* 65 Wn.2d 827, 400 P.2d 72 (1965). The rule has been applied to taxing statutes. *Buffelen Lumber & Mfg. Co. v. State,* 32 Wn.2d 40, 200 P.2d 509 (1948).

The applicable statutes are clear. The trial court should be and is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.