[No. 44600.   En Banc.   February 16, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. JEAN L. GRANT, ET AL, *Appellants*.

*Norman W. Cohen* and *Graham, Cohen, Wampold, Wesley & Munro,* for appellants.

*Richard W. Miller, Prosecuting Attorney,* for respondent.

DOLLIVER, J.—This case was certified to this court by the Court of Appeals, Division Three.

On August 31, 1974, appellants Ann Richmond and Jean Grant were traveling with Mr. Richmond and Jacqueline McCoy (Richmonds' 12–year–old granddaughter and Grant's daughter) from Seattle to Exposition '74 in Spokane. Mr. Richmond, the driver, took the Ritzville off ramp from I–90 to get gas. At this time, the state trooper pulled the car over because of suspicious driving which he thought to be the result of intoxication. While the state trooper was talking to Mr. Richmond, Mrs. Richmond became upset about the imminent arrest of her husband and became quite vocal. The trooper asked Mrs. Richmond to remain in the car; she refused. He then asked Mr. Richmond to take a sobriety test. The altercation with Mrs. Richmond continued and the trooper called for assistance from other State Patrol personnel. The appellants and Jacqueline McCoy were placed in the back of the State Patrol car while Mr. Richmond was being arrested. Mrs. Grant became ill; she, Mrs. Richmond and Jacqueline McCoy were taken to the Ritzville hospital by ambulance. The emergency room doctor treated Mrs. Grant for intoxication. While waiting at the hospital, Mrs. Richmond was loud and boisterous. After completing his examination of

Mrs. Grant, the doctor called the sheriff to find transportation for the appellants. The sheriff transported them to the county jail to see Mr. Richmond. At that time they were arrested.

Appellants Ann Richmond and Jean Grant were charged with (1) creating or causing a public nuisance (RCW 9.66-.010); (2) being intoxicated upon a public highway (RCW 9.68.040); and (3) obstructing a public officer in the performance of his duty (RCW 9.69.060). On October 25, 1974, both appellants were found guilty by the Adams County Justice Court of being intoxicated upon a public highway and obstructing a public officer in the performance of his duty. Each was sentenced to 30 days in jail and fined $25. Appellants appealed to the Adams County Superior Court and, on May 9, 1975, Ann Richmond was found guilty of being intoxicated upon a public highway and obstructing a public officer in the performance of his duty. Appellant Jean Grant was found guilty only of obstructing a public officer in the performance of his duty. Richmond was sentenced to 60 days on each count to run concurrently; Grant was sentenced to 60 days. Time was to be served in the Adams County jail. Before sentence was executed, both were granted a work release and permitted to serve eight consecutive weekends in the King County jail, the county of their residence.

Prior to trial in the Superior Court, the appellants made the following motions: (1) a motion to dismiss on the ground that RCW 70.96A.010 provides that no person may be subject to criminal prosecution subsequent to January 1, 1975, solely because of the consumption of alcohol; (2) a motion to dismiss on the grounds that the statutes under which they were charged were unconstitutionally vague, and the complaints were unconstitutionally vague. Alternatively, they moved for a bill of particulars so that they could be informed of what specific acts or omissions constituted criminal conduct; and (3) a motion for a change of venue on the grounds that it would be difficult, if not

impossible, for two black persons to receive a fair trial in Adams County. All motions were denied.

The major issue which we have been asked to consider on appeal is whether RCW 70.96A, the Uniform Alcoholism and Intoxication Treatment Act, is applicable to acts which occurred prior to the time the law was effective, but which were tried in the Superior Court after the law became effective. RCW 70.96A became effective on January 1, 1975. It is the stated policy of the act that alcoholics and intoxicated persons not be subject to criminal prosecution solely because of their drinking but rather that they be afforded treatment. The act repealed RCW 9.68.040, the public drunkenness statute under which the appellants were prosecuted. The relevant sections of the act read:

> It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

RCW 70.96A.010.

> (1) No county, municipality, or other political subdivision may adopt or enforce a local law, ordinance, resolution, or rule having the force of law that includes drinking, being a common drunkard, or being found in an intoxicated condition as one of the elements of the offense giving rise to a criminal or civil penalty or sanction.
>
> (2) No county, municipality, or other political subdivision may interpret or apply any law of general application to circumvent the provision of subsection (1) of this section.

RCW 70.96A.190.

It was a well–defined rule at common law that, where a statute is repealed, it is regarded as though it had never existed regarding all pending litigation. 1A C. Sands, *Statutes and Statutory Construction* § 23.36 (4th ed. 1972). However, in 1901, the legislature enacted Laws of 1901, 1st

Ex. Sess., ch. 6, § 1, which is now RCW 10.01.040, providing:

No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, *unless a contrary intention is expressly declared in the repealing act,* and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, *unless a contrary intention is expressly declared in the repealing act.* Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, *unless a contrary intention is expressly declared in the amendatory or repealing act,* and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

(Italics ours.)

██ This statute, being in derogation of the common law, must be strictly construed. *Marble v. Clein,* 55 Wn.2d 315, 347 P.2d 830 (1959). We have held in the past that the statute does not require that an intent to affect pending litigation be stated in express terms but that it must be expressed in words that fairly convey that intention. *State v. Zornes,* 78 Wn.2d 9, 13, 475 P.2d 109 (1970).

The question is whether the words in RCW 70.96A.010, "persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages", fairly convey this intention. We hold they do.

In *State v. Zornes, supra,* this court found that such an exception was intended and that it could be "reasonably inferred" the act applied to pending cases. The statute in question in that case states:

[T]he provisions of this chapter shall not ever be applicable to any form of cannabis."

The respondent urges that, if the legislature had intended the new law to be applicable to all pending prosecutions, it would have used the words "not ever be applicable" or comparable language as prescribed in *Zornes,* since the law in question here was enacted after the *Zornes* case was decided. While neither RCW 10.01.040 nor *State v. Zornes, supra,* require that these particular words be used, we would require that a similarly strong expression of intention be found in RCW 70.96A as was found in the statute in question in the *Zornes* case. The expression must be sufficient to overcome the presumption included in RCW 10.01-.040. *See State v. Walker,* 7 Wn. App. 878, 503 P.2d 128 (1972), *rev'd on other grounds,* 82 Wn.2d 851, 514 P.2d 919 (1973).

■ The language in RCW 70.96A.010 that "intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages" is an express declaration of a legislative intention that no person shall go to trial on such a charge after the effective date of the act, and is sufficient to overcome the presumption of RCW 10.01.040.

Defendant was convicted on October 25, 1974, in a court of limited jurisdiction in Adams County. That conviction was appealed to the Superior Court. The trial in Superior Court did not take place until May 9, 1975. In the interim, RCW 70.96A became effective on January 1, 1975. Laws of 1973, ch. 92, § 1 contains these words: "Chapter 122, Laws of 1972 extraordinary session [RCW 70.96A] shall be effective January 1, 1975." Upon appeal from a court of limited jurisdiction to the superior court the trial shall be de novo. The de novo trial did not take place until after the effective date of RCW 70.96A and was, therefore, prohibited by RCW 70.96A.010.

■ The statute herein is clear upon its face and should not be subject to construction. *Canteen Serv., Inc. v. State,* 83 Wn.2d 761, 522 P.2d 847 (1974); *State v. Howard,* 91

Wash. 481, 158 P. 104 (1916). If, however, there is any doubt about its clarity then the rule is that in a criminal case any ambiguity must be resolved in favor of the defendant. *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976); *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958).

▮ In addition, RCW 70.96A is remedial legislation. Therefore, the rule applies that remedial statutes are liberally construed in order to effectuate the remedial purpose for which the statute was enacted. *Peet v. Mills,* 76 Wash. 437, 439, 136 P. 685 (1913); *Ingersoll v. Gourley,* 72 Wash. 462, 472, 130 P. 743 (1913); 3 C. Sands, *Statutes and Statutory Construction* §§ 60.01–.02 (4th rev. ed. 1974).

The next issue raised by the appellants is whether RCW 9.69.060, obstructing a public officer, is unconstitutionally vague on its face or as applied to the appellants. RCW 9.69.060 states:

> *Every person who, after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of him by any public officer,* or who, in such statement, report or information shall make any wilfully untrue, misleading or exaggerated statement, or who shall wilfully hinder, delay or obstruct any public officer in the discharge of his official powers or duties, shall be guilty of a misdemeanor.

(Italics ours.)

▮▮ To be consistent with due process, a penal statute or ordinance must contain ascertainable standards of guilt, so that persons of reasonable understanding are not required to guess at the meaning of the enactment. *Winters v. New York,* 333 U.S. 507, 92 L. Ed. 840, 68 S. Ct. 665 (1948). The appellants contend that a city ordinance with language identical to that found in this statute was held to be unconstitutionally vague in *Mountlake Terrace v. Stone,* 6 Wn. App. 161, 492 P.2d 226 (1971). This assertion is disingenuous. Only the italicized portion of the above statute was considered and found to be unconstitutionally vague in *Mountlake Terrace v. Stone, supra.* The Court of Appeals

found the remaining portion of the ordinance to be "available for use where appropriate." *Mountlake Terrace v. Stone, supra* at 171. We, too, conclude that the remaining portion of the statute is constitutionally adequate.

The appellants cite several federal court cases which held the respective ordinances in question to be unconstitutionally vague. These cases are inapposite since without exception these ordinances regulated First Amendment rights of speech and assembly. RCW 9.69.060 focuses on conduct other than speech.

The appellants contend that RCW 9.69.060 was unconstitutionally vague as applied to them. The appellants each received a citation which states that the offense committed was "obstructing a public officer in the performance of his duty" in violation of RCW 9.69.060. Additionally, each citation includes the date, time, and place of the alleged act.

■ The appellants have a right to be apprised with reasonable certainty of the nature of the accusation against them so they may prepare an adequate defense. *Seattle v. Proctor,* 183 Wash. 299, 48 P.2d 241 (1935). It is sufficient in an indictment for a statutory crime to charge the crime in the language of the statute if the statute defines the crime with certainty. *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965). We conclude that the citations in question adequately fulfilled these requirements.

■ The appellants next claim the Superior Court erred in denying their motion for a bill of particulars. On January 21, 1975, appellants made a motion for a bill of particulars. On April 8, 1975, prior to the Superior Court trial, the prosecutor sent appellants' counsel, and he received, the state trooper's case reports. Appellants' counsel did not request arguments on the motion for the bill of particulars until the day of trial, May 7, 1975. At the time of argument, counsel claimed that he could not determine what acts were allegedly committed by reading the trooper's reports. The court denied the motion, stating, "[E]ven assuming the motion to be timely . . . [the officer's report] is about as

much as the Court could compel the prosecutor to furnish Mr. Cohen." We find that the Superior Court's actions in denying the motion did not constitute an abuse of discretion for the following reasons: (1) The appellants received the trooper's reports well in advance of the trial. After receiving the report, the appellants' counsel made no further indication that he needed more information. As a result, the prosecutor thought, and he could reasonably believe that appellants' counsel was satisfied; (2) the appellants' counsel deliberately postponed argument on the motion until the day of trial, presenting it as an alternative to a motion to dismiss. By failing to act in a timely manner, appellants waived their motion for a bill of particulars or for any further information. *Lubin v. Cowell*, 25 Wn.2d 171, 170 P.2d 301 (1946).

The next issue raised by the appellants is whether the Superior Court erred in increasing the sentences of the appellants from those imposed by the justice court. Violation of each of the statutes in question is a misdemeanor. The justice of the peace in Adams County was statutorily empowered to impose a maximum sentence of $100 and 30 days. RCW 3.20.040. Each of the defendants received a penalty of $25 and 30 days. The Superior Court, following the trial de novo, imposed a penalty of 60 days in the Adams County jail, in accordance with its statutory authority. RCW 9.01.020. Subsequently, the appellants each were granted work release and ordered to serve eight consecutive weekends in King County. Therefore, in total, the appellants each actually served 16 days as opposed to the original 30 days and $25 imposed by the justice court.

The cases cited by the appellants in support of their contention all involve an appeal from a conviction, a new trial, and the subsequent imposition of a higher penalty. Although an analogy may be drawn between this case and those cited, any error in the Superior Court's temporary imposition of a higher penalty here is harmless. The work release and weekend incarceration sentence finally imposed

was more favorable to the appellants than the original justice court sentence.

The appellants next contend that the Superior Court erred in denying appellants' motion for a change of venue. The appellants' motion is based solely on their belief that a black person cannot get a fair trial in Adams County. In response to the court's question, appellants' counsel stated that he "assume[d] that blacks had not been purposely excluded from the jury panel." Appellants' contention was not supported by an affidavit or testimony. Considering these factors, we conclude that the Superior Court did not abuse its discretion by denying appellants' motion for a change of venue.

The charge of being intoxicated upon a public highway is dismissed as to defendant Ann Richmond. The conviction of both defendants for obstructing a public officer in the performance of his duty is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.