Korsmo, J.
(dissenting)
¶28 — Although the voters’ intent to eliminate in most cases the crime of possession of marijuana was clearly expressed, there was no clear intent to apply the amended statute to cases in progress. Accordingly, the saving statute applies and Mr. Rose’s conviction for marijuana possession after violating the terms of his deferral agreement should be affirmed.
¶29 The saving statute could hardly be clearer: “Whenever any criminal or penal statute shall be amended or repealed, all offenses committed . . . while it was in force shall be punished or enforced as if it were in force ... unless a contrary intention is expressly declared in the amendatory or repealing act, and every such . . . statute shall be so construed as to save all criminal and penal proceedings . . . pending at the time of its enactment.” RCW 10.01.040 (emphasis added). On its face the statute requires that an express contrary intention must be stated in the amending/ *872 repealing act in order to overcome the saving statute; otherwise all amending or repealing acts shall be construed to save the statute. In other words, the benefit of any doubt should go to maintaining the repealed statute. Or put still another way, the saving statute creates a “presumption” that can only be overcome by a “strong expression of intention.” State v. Grant, 89 Wn.2d 678, 684, 575 P.2d 210 (1978) (citing State v. Walker, 7 Wn. App. 878, 503 P.2d 128 (1972), rev’d on other grounds, 82 Wn.2d 851, 514 P.2d 919 (1973)).
¶30 The majority relies on two decisions that found an express declaration in the words of the newly amended/ enacted statute at issue: the plurality opinion in State v. Zornes, 78 Wn.2d 9, 475 P.2d 109 (1970), overruled on other grounds by United States v. Batchelder, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979), and Grant. The language at issue in those cases was significantly more directory than anything that can be found here.
¶31 Zornes involved prosecutions for possession of cannabis under the Uniform Narcotic Drug Act. 78 Wn.2d at 10. While the appeals were pending in the Washington Supreme Court, the legislature added a proviso to the Narcotic Drug Act stating that “ ‘narcotic drugs shall not include cannabis and the provisions of this chapter shall not ever be applicable to any form of cannabis.’ ” Id. at 11 (emphasis omitted) (quoting Laws of 1969, 1st Ex. Sess., ch. 256, § 7(13)). The amendment also directed the board of pharmacy to reclassify the drug as a dangerous drug and provided that cannabis “ ‘shall not be considered a narcotic drug and accordingly not subject to the provisions of chapter 69.33 RCW as now law or hereafter amended.’ ” Id. (emphasis omitted) (quoting Laws of 1969, 1st Ex. Sess., ch. 256, § 11) The plurality[8] opinion (four justices) concluded that the words “not ever” were critical and required reading the amendment as applying to pending cases. Id. at 13-14. *873 The concurring opinion of Justice Hale (two justices) concluded that “the imprecise phraseology of the proviso” indicated the intent to reduce the penalty retroactively; that opinion would have remanded for a new trial under the dangerous drug act. Id. at 33.
¶32 The decision in Grant is a bit closer procedurally to what occurred in this case. There two passengers in a vehicle were charged with being drunk in public on August 31, 1974, four months before the repeal of that statute took effect. 89 Wn.2d at 680, 682. The case was tried in the justice court in 1974 and both passengers were convicted. They appealed to superior court and their trial de novo was conducted in May 1975, several months after the statute’s repeal. The Uniform Alcoholism and Intoxication Treatment Act, ch. 70.96A RCW, took effect in between the two trials. 89 Wn.2d at 682. The new statute provided that “ ‘it is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment.’ ” Id. (quoting RCW 70.96A.010). One of the two defendants was convicted of public intoxication in superior court and appealed to this court, which certified the case to the Washington Supreme Court. Id. at 680-81. That body concluded that the “may not be subjected to criminal prosecution” language was “an express declaration of a legislative intention” that “no person shall go to trial on such a charge after the effective date of the act ” Id. at 684. The court also noted that the remedial nature of the new legislation required liberal construction in order to effectuate its purpose. Id. at 685.
¶33 While both of those statutes contained clear language negating continued prosecutions (“not ever” and “may not be subjected to criminal prosecution”), Initiative 502 (1-502) had no similar language. As the trial judge, the Honorable James Hurson, aptly noted, “a ‘new approach’ does not express an intent for retroactive application.” Clerk’s Papers at 13. The majority focuses on the “stop *874 treating adult marijuana use as a crime” language, although that is no more persuasive. While “stop treating” suggests an end to the old approach in favor of a new one, it does not speak to what is to be done with pending cases.
¶34 I agree with the majority that the “intent” section of the initiative must be read in context with the whole of 1-502.[9] The language as a whole suggests the initiative is not retroactive. As the majority notes, 1-502 did not eliminate the crime of possession of marijuana. Instead, it exempted from the reach of the statute possession by adults over the age of 21 who controlled less than an ounce of the substance. Laws of 2013, ch. 3, §§ 15, 20. In other words, those under age 21 still cannot possess marijuana and those over age 21 can possess only up to one ounce without running afoul of the law. While this is a different approach for the law in the case of those over 21, it is not a repeal of the statute or even a change of law for those under 21 years of age or those over 21 who possess large quantities. It is a very far cry from “not ever” prosecuting cannabis under the Narcotic Drug Act or stating that intoxicated persons “may not be subject to criminal prosecution” under chapter 70.96A RCW.
¶35 The language of the initiative provides that some people may not be prosecuted if they obey the law. That simply is nowhere near strong enough language to overcome the “presumption” of the saving clause. Instead, the saving statute applies to preserve this pending prosecution, as that statute has long done. E.g., State v. Ames, 47 Wash. 328, 332, 92 P. 137 (1907) (piloting without license *875 prosecution still valid despite repeal of crime during appeal); Walker, 7 Wn. App. at 881-82 (repeal of drug statute five days after crime and one month before charges filed did not prevent prosecution).[10] If the repeal of a statute is insufficient evidence of intent to overcome the saving statute, most certainly a mere amendment preserving the offense but limiting its application also is not sufficient evidence to overcome the saving statute.
¶36 1-502 did not repeal the marijuana possession statute even while it restricted its application to those over age 21. There is no stated intent to apply those restrictions to pending cases. Accordingly, the saving statute applies and this prosecution was not impeded. Mr. Rose agrees that he violated the terms of his deferral and that it was proper to revoke it. His conviction, therefore, should be affirmed.
¶37 I respectfully dissent.
Review denied at 185 Wn.2d 1030 (2016).

 Two justices concurred only in the result; eight justices ruled on the case.

 Curiously, the majority also cites to the voters’ pamphlet in support of its argument. While a voter pamphlet can show voter intent as an aid in construing legislation, it has no play in this circumstance. RCW 10.01.040 requires that an expression of intent be found in the amendatory/repealing statute itself, not in associated legislative history materials. If the intent is not expressed in the statute, the history materials cannot provide it. Cf. Wash. Citizens Action v. State, 162 Wn.2d 142, 155, 171 P.3d 486 (2007) (voters’ pamphlet materials could not cure initiative’s textual violation of constitution). Nonetheless, since the cited voting pamphlet material is just a recitation of the intent section of the initiative, it adds nothing that is not already in the legislation.

 This aspect of the Court of Appeals decision in Walker was cited with approval in Grant, 89 Wn.2d at 684.