IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35486-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GEORGE D. BARTZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — George Bartz appeals the Spokane County Superior

Court's denial of his CrR 7.8 motion to vacate his 1991 conviction for a first degree

statutory rape committed prior to the legislature's repeal of the statutory rape statutes,

effective July 1, 1988. He contends the court erred in not vacating the conviction

because first degree statutory rape was a nonexistent crime at the time of his sentencing.

We affirm.

FACTS AND PROCEDURAL HISTORY

On October 9, 1991, George Bartz was convicted upon plea of guilty to two counts

of first degree statutory rape under former RCW 9A.44.070 (1986). Count I occurred

between July 1, 1988 and October 31, 1989. Count II occurred between September 1, 1984 and December 31, 1985.

Effective July 1, 1988, the legislature had "repealed" and "renamed" the crimes of statutory rape as rape of a child. LAWS OF 1988, ch. 145, §§ 2-4, 24. Section 25 of the legislation provided:

> This act shall not have the effect of terminating or in any way modifying liability, civil or criminal, which is already in existence on July 1, 1988, and shall apply only to offenses committed on or after July 1, 1988.

LAWS OF 1988, ch. 145, § 25.

On May 15, 2017, Mr. Bartz filed a CrR 7.8 motion in the superior court to vacate his judgment and sentence on grounds that his first degree statutory rape convictions were for a nonexistent crime, thus rendering the judgment invalid on its face and exempting his collateral attack from the one-year time bar under RCW 10.73.090(1). The court agreed as to count I and vacated that conviction, but denied the motion to vacate as to count II. The court reasoned that the legislation repealing the statutory rape crimes did not extinguish liability for offenses occurring before July 1, 1988. Mr. Bartz moved for reconsideration, and the court denied the motion. He appeals.

## DISCUSSION

The sole issue is whether the trial court erred in not vacating Mr. Bartz's count II first degree child rape conviction as a nonexistent crime that renders the judgment and sentence invalid on its face.

We review a trial court's ruling on a CrR 7.8 motion for abuse of discretion. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 122, 110 P.3d 827 (2005). Under this standard, the trial court's decision will not be reversed unless it was manifestly unreasonable or based on untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A trial court also abuses its discretion if it bases its ruling on an erroneous view of the law. *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007).

CrR 7.8(b) permits the superior court to grant relief from a judgment if the judgment is void or for any other reason justifying relief from the operation of the judgment. CrR 7.8(b)(4), (5). Such motions must be made within a "reasonable time" and are subject to the one-year time limitation in RCW 10.73.090(1) for collaterally attacking a judgment and sentence. CrR 7.8(b). But when a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face, and the defendant is entitled to relief without regard to the time limitation. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860, 100 P.3d 801 (2004).

Mr. Bartz contends the trial court erred in ruling that the 1988 law repealing the statutory rape crimes does not extinguish criminal liability for offenses occurring before the law's July 1, 1988 effective date. He argues no criminal liability existed for count II prior to that date because there was not yet any court conviction or charges filed against him and the savings statute, RCW 10.01.040, does not preserve the offense. In addition, as he did in the superior court, Mr. Bartz relies on *State v. Taylor*, 162 Wn. App. 791, 259 P.3d 289 (2011) as authority that all statutory rape convictions after the July 1, 1988

effective date are invalid; thus, his count II conviction must also be vacated. His

arguments fail.

First, *Taylor* is not on point and has no bearing on this case. There, in reversing

the defendant's 2010 conviction for failure to register as a sex offender, the court held

that the defendant could not be required to register because his 1988 conviction for third

degree statutory rape was not statutorily defined as a "sex offense" for which the

legislature required registration. *Taylor*, 162 Wn. App. at 799.[1] Contrary to Mr. Bartz's

contention, *Taylor* did not hold that the repeal of the statutory rape statutes applied to

offenses committed prior to the July 1, 1988 effective date of the act. In fact, as set forth

above, the law expressly applies only to offenses committed on or after July 1, 1988.

LAWS OF 1988, ch. 145, § 25.

Nor does the saving statute, RCW 10.01.040, avail Mr. Bartz's argument that lack

of a court conviction or filing of charges prior to the effective date extinguished his

criminal liability. The saving statute presumptively preserves all offenses already

committed from being affected by the repeal of a criminal or penal statute. *State v. Kane*,

101 Wn. App. 607, 610, 5 P.3d 741 (2000). RCW 10.01.040 provides in pertinent part:

> No offense committed . . . previous to the time when any statutory
> provision shall be repealed, whether such repeal be express or implied,
> shall be affected by such repeal, unless a contrary intention is expressly
> declared in the repealing act . . . . Whenever any criminal or penal statute
> shall be amended or repealed, all offenses committed . . . while it was in
> force shall be punished or enforced as if it were in force, notwithstanding

---

[1] The Supreme Court recently rejected the *Taylor* holding in *In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 410 P.3d 1133 (2018).

such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings . . . pending at the time of its enactment, unless a contrary intention is expressly declared therein.

As the court in *Kane* explained:

In derogation of the common law, *the saving statute preserves a potential or pending prosecution from being abated*, perhaps inadvertently, by the Legislature's later act of repealing or amending the substantive law defining the offense or fixing its penalty. "Unless the later statutes clearly manifest a different intention, this general saving clause is deemed a part of every repealing statute as if expressly inserted therein, and hence renders unnecessary the incorporation of an individual saving clause in each statute which amends or repeals an existing penal statute." *State v. Hanlen*, 193 Wash. 494, 497, 76 P.2d 316 (1938); *see also State v. Walker*, 7 Wn. App. 878, 882, 503 P.2d 128 (1972) [*rev'd*, 82 Wn.2d 851, 517 P.2d 919 (1973)]. In the absence of a contrary expression from the Legislature, all crimes are to be prosecuted under the law existing at the time of their commission. *State v. Lorenzy*, 59 Wash. 308, 309, 109 P. 1064 (1910). *It is not "essential to the life of the charge" that a criminal prosecution be already pending at the time a new amendatory or repealing act is enacted. Lorenzy*, 59 Wash. at 309.

*Kane*, 101 Wn. App. at 611 (emphasis added).

In the 1988 law repealing the statutory rape statutes, the legislature expressed no intention that prior completed acts of statutory rape are relieved from criminal liability. Under the saving statute and section 25 of the 1988 legislation, the criminal prosecution for Mr. Bartz's count II first degree statutory rape crime committed between September 1, 1984 and December 31, 1985 was preserved. His argument that count II was a nonexistent crime at the time of his sentencing and rendered his judgment and sentence facially invalid is without merit.

The superior court correctly ruled that repeal of the statutory rape statutes did not extinguish liability for offenses occurring before July 1, 1988. The court did not abuse its discretion in denying Mr. Bartz's motion to vacate count II or in declining to reconsider its ruling.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

6