[No. 62764-3-I.   Division One.   October 26, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. BRANDY MICHELLE BREWSTER, *Appellant*.

*Jennifer M. Winkler* (of *Nielsen, Broman & Koch, PLLC*) for appellant.

*Daniel T. Satterberg*, *Prosecuting Attorney*, and *Dennis J. McCurdy*, *Deputy*, for respondent.

¶1 ELLINGTON, J. — This case requires us to decide whether the saving statute applies to the deoxyribonucleic acid (DNA) collection fee provision. Because the saving statute, chapter 10.01 RCW, applies only to criminal and punitive enactments and the DNA fee is not punitive, the saving clause does not apply, and the provision in effect at the time of sentencing controls. Brandy Brewster's sentence

for possession of cocaine therefore correctly includes the mandatory DNA fee.

*FACTS*

¶2 Brandy Brewster was arrested on November 15, 2006 for possession of cocaine. She was convicted following a trial. At sentencing, the court waived all nonmandatory legal financial obligations on grounds of indigency but required Brewster to pay the mandatory victim penalty assessment and the mandatory DNA collection fee.

¶3 Brewster argues the court erred in failing to exercise discretion as to the DNA collection fee because the fee was not mandatory at the time she committed her offense. She also contends her attorney was ineffective in failing to make that argument.

¶4 At the time of Brewster's offense in 2006, former RCW 43.43.7541 (2002) provided courts with discretion as to whether to impose the DNA collection fee:

> Every sentence imposed under chapter 9.94A RCW, for a felony specified in RCW 43.43.754 that is committed on or after July 1, 2002, must include a fee of one hundred dollars for collection of a biological sample as required under RCW 43.43.754, *unless the court finds that imposing the fee would result in undue hardship on the offender*. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030, payable by the offender after payment of all other legal financial obligations included in the sentence has been completed.

Before Brewster was convicted or sentenced,[1] however, the statute was amended to delete the language granting discretion and make imposition of the fee mandatory:

> Every sentence imposed under chapter 9.94A RCW for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030, payable by the offender after

---

[1] Brewster was convicted October 15, 2008 and sentenced December 8, 2008.

payment of all other legal financial obligations included in the sentence has been completed.[2]

¶5 Under common law, pending cases must be decided according to the law in effect "at the time of the decision."[3] In derogation of the common law, the saving statute provides that criminal cases must be prosecuted and decided according to the law in effect at the time of the offense unless an intent to affect pending litigation is declared in the amendatory or repealing act:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.[4]

¶6 Brewster contends the saving statute entitles her to be sentenced under the earlier version of the DNA fee provision statute.

¶7 The saving clause applies only to criminal and penal statutes,[5] presumptively "saving" all offenses already committed and all penalties or forfeitures already incurred from the effects of amendment or repeal, and requiring that crimes be prosecuted under the law in effect at the time they were committed.[6] In criminal law, the terms "penalty" and "forfeiture" are synonymous with "punishment."[7] Therefore, the question is whether the DNA fee is punitive.

---

[2] RCW 43.43.7541 (effective June 12, 2008).

[3] *State v. Zornes*, 78 Wn.2d 9, 12, 475 P.2d 109 (1970).

[4] RCW 10.01.040.

[5] *State v. Kane*, 101 Wn. App. 607, 610, 5 P.3d 741 (2000).

[6] *State v. Pillatos*, 159 Wn.2d 459, 472, 150 P.3d 1130 (2007).

[7] *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660, 94 S. Ct. 2532, 41 L. Ed. 2d 383 (1974) (the terms "penalty," "liability," and "forfeiture" as used in

■ ■ ¶8 We look first to the legislature's purpose in adopting the law.[8] The DNA collection fee serves to fund the collection of samples and the maintenance and operation of DNA databases.[9] The legislature has repeatedly found that DNA databases are important tools in criminal investigations, in the exclusion of individuals who are the subject of investigation or prosecution, and in detecting recidivist acts.[10] The databases also facilitate the identification of missing persons and unidentified human remains.[11] These are not punitive purposes.

¶9 The inquiry, however, does not end with the legislature's stated purpose. Courts also "examine whether the actual effect of the statute is so punitive as to negate the [l]egislature's regulatory intent."[12] To this end, we consider the following factors:

"Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned."[13]

---

the federal general saving statute are synonymous with "punishment" and therefore the terms include all forms of punishment for a crime, both ameliorative and harsher; thus a no-parole provision is saved).

[8] *State v. Ward*, 123 Wn.2d 488, 499, 869 P.2d 1062 (1994).

[9] RCW 43.43.7541 ("The clerk of the court shall transmit eighty percent of the fee collected to the state treasurer for deposit in the state DNA database account created under RCW 43.43.7532, and shall transmit twenty percent of the fee collected to the agency responsible for collection of a biological sample from the offender as required under RCW 43.43.754.").

[10] *See* Laws of 2002, ch. 289, § 1; Laws of 2008, ch. 97, § 1.

[11] *Id.*

[12] *Ward*, 123 Wn.2d at 499 (emphasis omitted).

[13] *Id.* (emphasis omitted) (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963)).

¶10 The DNA fee is a legal financial obligation. Its purpose is monetary, rather than retributive or deterrent. Such obligations have historically not been regarded as punishment.[14] The fee does not define or punish criminal behavior and does not require a finding of scienter. It does not involve a disability or restraint.[15] The amount of the fee is fixed, does not depend on the gravity of the offense, and is not excessive in relation to its purpose. The DNA collection fee is not punitive.[16]

¶11 The saving clause does not apply to the DNA collection fee statute, and the court properly applied the version in effect at the time of Brewster's sentencing.[17] Brewster's counsel therefore was not deficient in failing to urge application of the previous version.[18]

¶12 We affirm imposition of the mandatory DNA collection fee.

---

[14] See State v. Humphrey, 139 Wn.2d 53, 62, 983 P.2d 1118 (1999) (increase in victim penalty assessment fee from $100 to $500 not punitive); State v. Blank, 80 Wn. App. 638, 641, 910 P.2d 545 (1996) (statute imposing costs of appeal, including monies expended on behalf of indigent defendants, on convicted juveniles or adults is not punitive), aff'd, 131 Wn.2d 230, 930 P.2d 1213 (1997).

[15] See RCW 9.94A.030(28) (" 'Legal financial obligation' means a sum of money that is ordered by a superior court of the state of Washington for legal financial obligations which may include restitution to the victim, statutorily imposed crime victims' compensation fees as assessed pursuant to RCW 7.68.035, court costs, county or interlocal drug funds, court-appointed attorneys' fees, and costs of defense, fines, and any other financial obligation that is assessed to the offender as a result of a felony conviction.").

[16] The saving clause applies only to substantive changes to such statutes, not procedural ones. Because the DNA fee is not punitive, however, we need not decide whether the change effected by the 2008 amendment is substantive or procedural. See Pillatos, 159 Wn.2d at 472.

[17] Brewster was both convicted and sentenced after the effective date of the 2008 amendment. We therefore need not decide whether the triggering event for determining what statute applies is conviction or sentencing. See Humphrey, 139 Wn.2d at 58-59 (holding that language "whenever any person is found guilty" in RCW 7.68.035(1)(a) does not elucidate whether triggering event for statute is date of conviction or date of sentencing and further analysis is required).

[18] To show ineffective assistance of counsel, an appellant must show that counsel's performance was deficient and the deficient performance prejudiced him. State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. State v. Stenson, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997).

¶13 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.

BECKER and COX, JJ., concur.

Reconsideration denied November 24, 2009.

Review denied at 168 Wn.2d 1030 (2010).