**FILED**
**JULY 14, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32269-6-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 32384-6-III and |
| v. | ) | No. 32801-5-III) |
| | ) | |
| GREGG W. HANSEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| ------------------------------------------------ | ) | |
| In the Matter of Personal Restraint of: | ) | |
| | ) | |
| GREGG W. HANSEN, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

KORSMO, J. — By way of appeal, Gregg Hansen contends that the court erred in imposing a $100 DNA (deoxyribonucleic acid) collection fee. By way of personal restraint petition (PRP), he also challenges his offender score. Both contentions are without merit. We affirm the conviction for failing to register as a sex offender and dismiss the petition.

FACTS

Mr. Hansen was convicted of failing to register as a sex offender, third offense, after a bench trial. His judgment and sentence form listed 12 prior adult felony

convictions, including five previous failure to register convictions. Accordingly, the form recognizes an offender score of "9+." There was no challenge to the offender score calculation and no discussion of it at sentencing. The court imposed a standard range sentence.

The court also imposed only the mandatory financial obligations for payment of the crime victim compensation act assessment and a $100 DNA (deoxyribonucleic acid) collection fee. The court recognized Mr. Hansen's disability and struck the pre-printed language from the judgment and sentence indicating that the defendant had the ability to pay his legal financial obligations.

Mr. Hansen filed a notice of appeal at the time of sentencing. Six weeks later he filed a pro se motion to correct sentence, relying upon CrR 7.8. Deeming it without merit, the trial court transferred the matter to this court for consideration as a PRP. This court accepted the transfer and consolidated the PRP with the appeal.

## ANALYSIS

The sole[1] issue presented by the appeal is a contention that the court erred in assessing the DNA collection fee because Mr. Hansen already had his DNA sample on

---

[1] In his personal Statement of Additional Grounds, Mr. Hansen argues various factual considerations as a basis for receiving a different sentence. As these do not identify legal error, we will not consider them further. RAP 10.10(c).

file with the State. We address that issue before turning to the offender score challenge presented by the PRP.

*Appeal*

Mr. Hansen argues that the court erred in failing to exercise its discretion to not require him to give another DNA sample and, therefore, he should not pay the DNA assessment. However, even if we accept the dubious proposition that a court can abuse discretion it was never asked to exercise, there was no error here. Even though the court could waive the DNA collection, the court had no ability to waive the DNA collection fee. Separate statutes govern the two situations.

Two related statutes are in play here. The first, RCW 43.43.754(1), requires collection of a DNA sample from every person convicted of failing to register as a sex offender, although it recognizes an exception if the "crime laboratory already has a DNA sample . . . for a qualifying offense." RCW 43.43.754(2). The second statute is the adjoining RCW 43.43.7541. It provides, in part:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law. For a sentence imposed under chapter 9.94A RCW, the fee is payable by the offender after payment of all other legal financial obligations included in the sentence has been completed.

By amendment of RCW 43.43.7541, the legislature has mandated payment of the DNA collection fee. *See State v. Brewster*, 152 Wn. App. 856, 218 P.3d 249 (2009). The

3

purpose of the fee is to help pay for the testing of DNA samples and the maintenance and operation of DNA databases. *Id.* at 860. To that end, it is a non-punitive legal financial obligation. *Id.* at 861. Accordingly, it applies to each sentencing after its enactment. *Id.*

RCW 43.43.7541 mandates the assessment of the DNA fee for all relevant offenses, including the one for which Mr. Hansen was convicted. That presents a different question than whether the court should waive collection of an additional DNA sample from Mr. Hansen per RCW 43.43.754(2). Even if the court had been asked to waive the second collection and had granted the request, Mr. Hansen would still have to pay the fee he now complains about. There is no causal connection between sample collection and the fee assessment.

The argument is without merit.

*Personal Restraint Petition*

The PRP claims that the offender score was wrongly calculated and demands a hearing to "recalculate offender score and hear pertinent inforemation [sic]." This request puts the cart before the horse. A PRP must present the pertinent information that establishes error before any hearing can be held. This petition therefore fails to meet its basic burdens.

The burdens imposed on a petitioner in a PRP are significant. Because of the significant societal costs of collateral litigation often brought years after a conviction and the need for finality, relief will only be granted in a PRP if there is constitutional error

4

that caused substantial actual prejudice or if a nonconstitutional error resulted in a fundamental defect constituting a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). It is the petitioner's burden to establish this "threshold requirement." *Id.* To do so, a PRP must present competent evidence in support of its claims. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 885-86, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). If the facts alleged would potentially entitle the petitioner to relief, a reference hearing may be ordered to resolve the factual allegations. *Id.* at 886-87.

Here, there is no actual dispute about the facts because Mr. Hansen never presented any competing facts for consideration. Instead, the only information about the offender score comes from the judgment and sentence, which recognizes 12 prior convictions (totaling 14 points towards the offender score) and an additional point due to the fact that Mr. Hansen was on community supervision at the time of the current crime. While the PRP notes that facial invalidity is a basis for attacking a conviction, nothing on the face of the judgment and sentence suggests it is facially invalid. Moreover, the PRP itself makes no argument in support of its conclusion.

The PRP completely fails to meet its burden of showing a fundamental defect in the offender score. Accordingly, the PRP must be dismissed.

The conviction is affirmed. The petition is dismissed.

5

No. 32269-6-III (consolidated with Nos. 32384-6-III & 32801-5-III)
*State v. Hansen; PRP of Hansen*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

6