**FILED**

**DECEMBER 17, 2015**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32282-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN ROSE, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Washington's general criminal prosecution saving statute, RCW 10.01.040, presumptively "saves" offenses already committed and penalties or forfeitures already incurred from being affected by the amendment or repeal of a criminal statute. As a result, offenses are prosecuted under the law in effect at the time they were committed "unless," the statute provides, "a contrary intention is expressly declared in the amendatory or repealing act." *Id.* In the more than one hundred years since the saving statute was enacted, courts have only infrequently found an express legislative intent that the amendment or repeal of a criminal statute applies to pending prosecutions, penalties, or forfeitures for earlier committed crimes.

At issue in this case is whether Initiative 502, which was approved by voters in November 2012 and became effective on December 6, 2012, fairly conveys a legislative intent—in this case, the *voters'* intent—that its decriminalization of possession by

persons age 21 and older of marijuana related drug paraphernalia and small amounts of marijuana applies to pending prosecutions. We hold that this is one of the rare cases where such an intent is fairly conveyed. We reverse the post-December 6, 2012 judgment and sentence entered against Justin Rose.

## FACTS AND PROCEDURAL BACKGROUND

On June 26, 2012, Justin Rose was fishing on the Yakima River below the Roza Dam when he and his companions were approached by a Washington Fish and Wildlife agent interested in checking for their fishing licenses. The Fish and Wildlife agent noticed that Mr. Rose was smoking; based on the agent's training and experience, he believed Mr. Rose was smoking marijuana from drug paraphernalia: a bong. When the agent told Mr. Rose what he had seen, Mr. Rose admitted he had been smoking marijuana and handed over the bong, which contained some marijuana, to the agent. Mr. Rose was over age 21 at the time. He was charged with one violation of RCW 69.50.4014 (possession of less than 40 grams of marijuana) and one violation of former RCW 69.50.412(1) (2002) (use of drug paraphernalia).

In October 2012, Mr. Rose entered into a deferral agreement with the State, staying the prosecution. The State agreed that if Mr. Rose complied with the conditions identified in the agreement for one year, it would move to dismiss both charges. Mr. Rose agreed that if he did not comply with the conditions, then on the request of the State the court would revoke the stay and proceed to a bench trial at which, he stipulated, the

2

police reports and State's evidence would be sufficient to convict him of the charged crimes. The conditions imposed on Mr. Rose included performing community service, paying a fee and costs, obtaining an alcohol and drug evaluation, and fully complying with any recommendation of alcohol or drug treatment or other services resulting from the evaluation.

Initiative 502 (I-502), "AN ACT Relating to marijuana," was approved by 55.7 percent of Washington voters on November 6, 2012. LAWS OF 2013, ch. 3.[1] Under the Washington Constitution, the law became effective 30 days later, on December 6, 2012. Const. art. II, § 1(d). The initiative did not immediately decriminalize the production, processing and retail sale of marijuana, all of which could be conducted legally only after regulations were adopted and licensing could take place. *See, e.g.*, Section 4 of I-502, LAWS OF 2013, ch. 3, § 4; *cf. State v. Reis*, 183 Wn.2d 197, 201, 351 P.3d 127 (2015) (under 2011 amendments to the Washington State Medical Use of Cannabis Act, RCW 69.51A.040, decriminalizing medical use "in accordance with the terms and conditions of this chapter," legal use must await the creation of the statutorily required registry). But Sections 20(3) and 22(1) of I-502 did unconditionally decriminalize possession of less than one ounce of marijuana by persons 21 and over, and did remove marijuana

---

[1] *See* http://results.vote.wa.gov/results/20121106/Initiative-Measure-No-502-Concerns-marijuana_ByCounty.html (last visited on Dec. 10, 2015).

3

No. 32282-3-III
*State v. Rose*

paraphernalia from the unlawful categories of paraphernalia. LAWS OF 2013, ch. 3, §§ 20(3), 22(1).[2]

In or before January 2013, Mr. Rose violated the conditions of his deferral agreement by failing to enter into an intensive outpatient treatment program. The State moved in January for a review and revocation of the stay of the proceedings. At a hearing before the Lower Kittitas County District Court, Mr. Rose conceded that he had not fulfilled all of the conditions agreed in the stipulation. The district court revoked the stay order, proceeded to a bench trial, and found Mr. Rose guilty of both counts.

---

[2] The relevant changes, now codified at former RCW 69.50.4013 (2013) and RCW 69.50.412(1), provided as follows:

RCW 69.50.4013(3):

The possession, by a person twenty-one years of age or older, of useable marijuana or marijuana-infused products in amounts that do not exceed those set forth in section 15(3) of this act is not a violation of this section, this chapter, or any other provision of Washington state law.

LAWS OF 2013, ch. 3, § 20(3). The amounts of useable marijuana set forth in subsection 15(3) of I-502 were "(a) One ounce of useable marijuana; (b) Sixteen ounces of marijuana-infused product in solid form; or (c) Seventy-two ounces of marijuana-infused product in liquid form." *Id.* § 15(3).

RCW 69.50.412(1):

It is unlawful for any person to use drug paraphernalia to . . . inject, ingest, inhale, or otherwise introduce into the human body a controlled substance other than marijuana. Any person who violates this subsection is guilty of a misdemeanor.

LAWS OF 2013, ch. 3, § 22(1).

4

Before sentencing, Mr. Rose moved to dismiss the charges based on the decriminalization of his offenses by I-502. The district court denied Mr. Rose's motion. It recognized that RCW 10.01.040, which provides that offenders are presumptively prosecuted under the laws in effect at the time of their offenses, does not apply if intervening legislation conveys a contrary intent. But the district court concluded that I-502 did not convey a contrary intent. It sentenced Mr. Rose to 90 days confinement on each count, to run consecutively.

Mr. Rose appealed to the Kittitas County Superior Court, which affirmed the district court. Mr. Rose sought discretionary review of the superior court's order, which a commissioner of this court granted, finding that the decision involves an issue of public interest that should be determined by an appellate court. No. 32282-3-III, Comm'r's Ruling (June 26, 2014); RAP 2.3(d)(3).

## ANALYSIS

The common law provides that pending cases be decided "according to the law in effect 'at the time of the decision.'" *State v. Brewster*, 152 Wn. App. 856, 859, 218 P.3d 249 (2009) (quoting *State v. Zornes*, 78 Wn.2d 9, 12, 475 P.2d 109 (1970)[3]) (noting that the "well-defined rule at common law" was to treat a repealed statute "as if it had never existed, except as to matters and transactions past and closed"). Yet in 1901, the

---

[3] Overruled by implication on other grounds in *United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979).

5

Washington legislature adopted a criminal prosecution saving statute, now codified at RCW 10.01.040, whose saving clause "presumptively 'save[s]' all offenses already committed and all penalties or forfeitures already incurred from the effects of amendment or repeal," requiring that they be prosecuted under the law in effect at the time they were committed "unless," as the statute provides, "a contrary intention is expressly declared in the amendatory or repealing act." LAWS OF 1901, Ex. Sess., ch. 6, § 1; *Brewster*, 152 Wn. App. at 859.[4]

"Th[e] statute, being in derogation of the common law, must be strictly construed." *Zornes*, 78 Wn.2d at 13 (citing *Marble v. Clein*, 55 Wn.2d 315, 347 P.2d 830 (1959)). "Since the statute does not require that an intent to affect pending litigation be stated in express terms, but merely provides that the intent must be 'expressed' in the statute," our Supreme Court "construe[s] the statute as authorizing the expression of such an intent in words that fairly convey that intention." *Id.* This means that "[t]he saving force of the statute is applied narrowly and its exception—'unless a contrary intention is

---

[4] RCW 10.01.040 provides:

Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

6

expressly declared in the amendatory or repealing act'—is interpreted broadly." *State v. Kane*, 101 Wn. App. 607, 612, 5 P.3d 741 (2000).

A legislative intent that the repeal or amendment of a criminal statute applies retroactively to earlier-committed offenses has been found in only a few cases. It was found in *Zornes*, in which the defendants, husband and wife, were convicted of violations of the Uniform Narcotic Drug Act after police officers raided their home, conducted a "thorough search," and recovered some marijuana cigarette ends in garbage cans and a few bits of marijuana in a match box. 78 Wn.2d at 10. Although neither defendant had a criminal history, the husband received a minimum sentence of five years and a maximum sentence of 20 years in the state penitentiary, while the wife's sentence was deferred but she was ordered to spend one year in county jail. *Id.* In 1969, while the appeal of their convictions was pending, the legislature enacted legislation taking cannabis out of the Narcotic Drug Act, RCW 69.33.220, and specifically including it in the dangerous drug act, RCW 69.40.060. *Id.* at 12. New provisions of the dangerous drug act provided, in part, that a first offender whose violation solely involved cannabis, "shall be guilty of a misdemeanor, and punishable by a fine not exceeding five hundred dollars or by imprisonment in the county jail, not exceeding six months, or by both such fine and imprisonment." *Id.* at 11 (quoting LAWS OF 1969, ch. 256, § 10).

Although acknowledging that the 1969 legislation "does not contain the words, 'This act shall apply to pending cases,'" the court held in *Zornes* that it did contain

7

language "from which the intent that it shall apply to such cases can be reasonably inferred." *Id.* at 13. It cited to language in the act which stated, "the provisions of this chapter shall not ever be applicable to any form of cannabis," and observed that the words "not ever" would be unnecessary if the legislature intended the act to have only prospective effect. *Id.* (quoting LAWS OF 1969, ch. 256, § 7(13)). The court concluded "the legislature added these words for a purpose," that it thereby expressed an intention that the amendment applied to pending actions, and that the charges could not stand. *Id.*

In *State v. Grant*, 89 Wn.2d 678, 575 P.2d 210 (1978), the defendant was a passenger in a car en route from Seattle to Exposition '74 in Spokane when the driver, her husband, was stopped in Adams County for suspicion of driving under the influence. Following the stop, the defendant became "upset" and "quite vocal." *Id.* at 680. She was charged in 1974 and was convicted in Adams County Justice Court of the offense of being intoxicated on a public highway, a violation of RCW 9.68.040, which had been repealed by Laws of 1972, ch. 122, § 26, although the repeal was not effective until January 1, 1975. *Id.* at 681. The defendant appealed her conviction to the superior court.

By the time her appeal was heard in May 1975, the repeal of RCW 9.68.040 had become effective, as had a new act, which stated in relevant part:

> It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

8

*Grant*, 89 Wn.2d at 682 (quoting RCW 70.96A.010). As in *Zornes*, the legislation did not contain the words, "This act shall apply to pending cases." And as the State argued to the court, it also did not include the words "not ever be applicable" that were found sufficient in *Zornes*, or language having a similar meaning. The Supreme Court held in *Grant* that neither expression was required, although it "would require a similarly strong expression of intention . . . to overcome the presumption included in RCW 10.01.040." 89 Wn.2d at 684.

It found such an expression of intention in the legislation's statement of policy that alcoholics and "intoxicated persons may not be subjected to criminal prosecution" solely because of their consumption of alcoholic beverages. It read that language as an "express declaration of a legislative intention that no person shall go to trial on such a charge after the effective day of the act." *Id.*

In reported cases finding *no* "fairly conveyed" legislative intent to apply a substantive change to pending prosecutions, courts have often found not only the absence of express language supporting such an intent but language negating any such intent.

In *State v. McCarthy*, 112 Wn. App. 231, 233, 48 P.3d 1014 (2002), the defendant pleaded guilty to delivery of heroin. The parties had several disputes about the number of points to be counted toward the defendant's offender score for his prior conviction for solicitation to deliver heroin. One dispute involved an amendment to former RCW 9.94A.525(12) that was enacted in 2002, while McCarthy's challenge to his sentence was

9

on appeal. The court observed that "[n]othing in the amendment suggests that the Legislature intended the statute to apply retroactively" and, moreover, the amendment "expressly states that it 'appl[ies] to crimes committed on or after July 1, 2002.'" 112 Wn. App. at 237 (alteration in original) (quoting Second Substitute H.B. 2338 § 29, 57th Leg., Reg. Sess. (Wash. 2002)). When our Supreme Court was presented with the same argument in *State v. Ross*, 152 Wn.2d 220, 238, 95 P.3d 1225 (2004), it agreed with *McCarthy*. While stating that "[t]o avoid application of the savings clause, we have not required that the legislature *explicitly* state its intent that amendments repealing portions of criminal and penal statutes apply retroactively[,]" it held that in enacting the 2002 amendments at issue in both cases, the legislature "failed to express any intent that [they] apply retroactively to pending prosecutions" and in fact expressed the opposite intent. *Id.* at 238-39.

In this case, we are dealing with an initiative to the legislature. While standard rules of statutory construction apply, our concern is with the intent of the voters. *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 585, 192 P.3d 306 (2008).[5] The

---

[5] As summarized by our Supreme Court:

"[I]n determining the meaning of a statute enacted through the initiative process, the court's purpose is to ascertain the collective intent of the voters who, acting in their legislative capacity, enacted the measure. Where the language of an initiative enactment is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning, the enactment is not subject to judicial interpretation." "In construing the

10

issue is whether an intent by the voters to apply its decriminalization provisions to stop pending prosecutions is fairly conveyed by the initiative.

The first matter addressed by authors of I-502 in Part I of the initiative is expressed by the part's title, "Intent." It begins, "The people intend to stop treating adult marijuana use as a crime and try a new approach." It then proceeds to highlight aspects of "the new approach." The first aspect of the "new approach" identified is to "[a]llow[] law enforcement resources to be focused on violent and property crimes."

The transitive verb "treat" is defined as having the following relevant meanings:

> **3 a:** to deal with or bear oneself toward in some specified way : behave or act towards : assume an attitude or form of behavior to : USE . . . **b** : to regard (as something or in a particular way) and act toward or deal with accordingly — usu. used with *as*.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2434 (1993). The State "treat[s] adult marijuana use as a crime" not only when it arrests and charges individuals, but also when it takes them to trial and imposes and enforces penalties. "Law enforcement

---

meaning of an initiative, the language of the enactment is to be read as the average informed lay voter would read it."
. . . Only if the language is ambiguous may the court examine extrinsic sources such as a voter's pamphlet.

*Id.* at 585-86 (first alteration in original) (citations omitted) (internal quotation marks omitted) (quoting *Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 205, 11 P.3d 608 (2000); *State v. Brown*, 139 Wn.2d 20, 28, 983 P.3d 608 (1999). "[We] will not substitute [our] judgment for that of the electorate unless the initiative contravenes state or federal constitutional provisions." *Id.* at 586. No state or federal constitutional concern is implicated here.

11

resources" that the initiative proposed to "focus[] on violent and property crimes" include prosecutors and criminal courts as well as arresting officers. I-502, Part 1, Sec. 1.

To say that "the people intend to stop treating adult marijuana use as a crime" and "[a]llow[] law enforcement resources to be focused on violent and property crimes", *id.*, is as strong a statement as is the statement at issue in *Grant* that "it is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages." 89 Wn.2d at 682. Both are equally characterizable as express declarations of a legislative intention that no person shall go to trial on such a charge after the effective day of the act. It is also relevant that we look at the language of I-502 from the perspective of the average informed lay voter rather than from the perspective of the legislature. Lay voters presented with an initiative that they are told will "stop treating adult marijuana use as a crime" are more likely to make the common law assumption that prosecution will be "stopped" on the effective date than that prosecutions will be "saved" by a contrary state law.

This language on "Intent" must be read in the context of I-502 as a whole, and as pointed out earlier, it is clear from provisions of the initiative dealing with the production, processing, and retail sale of marijuana that those activities could not be conducted legally until regulations were in place under which persons could be validly licensed. But the activities for which Mr. Rose was prosecuted were decriminalized on the December 6, 2012 effective date of I-502. As to those activities, there is nothing in the

remaining provisions of the initiative that negates the disapproval of continued prosecution conveyed by Part I.

Were we not satisfied that I-502 is clear on its face, we would turn next to the official State of Washington Voters' Pamphlet. "Analysis of legislative intent regarding retroactivity is not ordinarily restricted to the statute's express language, and may be gleaned from other sources, including legislative history." *Kane*, 101 Wn. App. at 614 (citing *In re F.D. Processing*, 119 Wn.2d 452, 460, 832 P.2d 1303 (1992)).[6]

The argument in support of approval of I-502 in the Voter's Pamphlet stated in part:

> **Argument For
> Initiative Measure 502**
>
> Our current marijuana laws have failed. It's time for a new approach.
>
> **Initiative 502 frees law enforcement resources to focus on violent crime.**

---

[6] In *Kane*, the State challenged the trial court's decision to sentence the defendant under a drug offender sentencing alternative (DOSA) for which Kane, a convicted felon, had been ineligible at the time of his crime. Before Kane was sentenced, the legislature broadened eligibility for the DOSA to include defendants whose prior felony convictions were not for violent or sex offenses, making Kane eligible if the new statute applied to him. *Id.* at 613-14. Kane could point to legislative materials from which he argued an intent to apply the change to defendants in his situation could "be reasonably inferred." *Id.* at 614. But as the court observed, the legislation "contains no language that even remotely suggests an intention to make the amended eligibility criteria available in cases arising before the effective date." *Id.* "[L]egislative history materials cannot make up for the lack of words that fairly convey that intention in the . . . amendatory statute itself." *Id.*

13

> Treating adult marijuana use as a crime costs Washington State millions in tax dollars and ties up police, courts, and jail space. We should focus our scarce public safety dollars on real public safety threats.

*State of Washington Voters' Pamphlet, General Election* 30 (Nov. 6, 2012).[7] This argument, accepted by the majority of Washington voters, fairly conveys disapproval of continued prosecution of the offenses committed by Mr. Rose.

The State argues that the criminal prosecution saving statute " ' creates an easily administered, bright-line rule,' " on which the Legislature is entitled to rely when it makes changes to criminal and penal statutes. Br. of Resp't at 5 (quoting *Kane*, 101 Wn. App. at 618). We agree, but the point is not inconsistent with our decision. As history demonstrates, when the legislature amends substantive criminal law it almost always limits itself to identifying the change, without using language that conveys disapproval or concern about pending prosecutions. There is no reason to believe this will change in the future. We expect that the saving statute will usually apply.

In the rare case, as here, where legislation includes additional language that fairly conveys disapproval or concern about continued prosecution, we are required by RCW 10.01.040 to respect that expression of a contrary intention.

---

[7] https://wei.sos.wa.gov/agency/osos/en/press_and_research/PreviousElections /2012/Documents/11-%20Spokane.pdf.

14

No. 32282-3-III
*State v. Rose*

Mr. Rose's convictions under RCW 69.50.4014 and former RCW 69.50.412(1) are

reversed.

_____
Siddoway, C.J.

I CONCUR:

_____
Lawrence-Berrey, J.

15

32282-3-III

KORSMO, J. (dissenting) — Although the voters' intent to eliminate in most cases the crime of possession of marijuana was clearly expressed, there was no clear intent to apply the amended statute to cases in progress. Accordingly, the savings statute applies and Mr. Rose's conviction for marijuana possession after violating the terms of his deferral agreement should be affirmed.

The savings statute could hardly be clearer: "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed . . . while it was in force shall be punished or enforced as if it were in force . . . *unless a contrary intention is expressly declared* in the amendatory or repealing act, and every such . . . statute *shall be so construed as to save* all criminal and penal proceedings . . . pending at the time of its enactment." RCW 10.01.040 (emphasis added). On its face the statute requires that an express contrary intention must be stated in the amending/repealing act in order to overcome the savings statute; otherwise all amending or repealing acts shall be construed to save the statute. In other words, the benefit of any doubt should go to maintaining the repealed statute. Or put still another way, the saving statute creates a "presumption" that can only be overcome by a "strong expression of intention." *State v. Grant*, 89 Wn.2d 678, 684, 575 P.2d 210 (1978) (citing *State v. Walker*, 7 Wn. App. 878, 503 P.2d 128 (1972), *rev'd on other grounds*, 82 Wn.2d 851, 514 P.2d 919 (1973)).

No. 32282-3-III
*State v. Rose*

The majority relies on two decisions that found an express declaration in the words of the newly amended/enacted statute at issue, the plurality opinion in *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), *overruled on other grounds by United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979), and *Grant*. The language at issue in those cases was significantly more directory than anything that can be found here.

*Zornes* involved prosecutions for possession of cannabis under the Uniform Narcotic Drug Act. 78 Wn.2d at 10. While the appeals were pending in the Washington Supreme Court, the legislature added a proviso to the Narcotic Drug Act stating that "narcotic drugs shall not include cannabis and the provisions of this chapter shall not ever be applicable to any form of cannabis." *Id.* at 11. The amendment also directed the board of pharmacy to reclassify the drug as a dangerous drug and provided that cannabis "shall not be considered a narcotic drug and accordingly not subject to the provisions of chapter 69.33 RCW as now law or hereafter amended." *Id.* The plurality[1] opinion (four justices) concluded that the words "not ever" were critical and required reading the amendment as applying to pending cases. *Id.* at 13-14. The concurring opinion of Justice Hale (two justices) concluded that "the imprecise phraseology of the proviso" indicated

---

[1] Two justices concurred only in the result; eight justice ruled on the case.

2

the intent to reduce the penalty retroactively; that opinion would have remanded for a new trial under the dangerous drug act. *Id.* at 33.

The decision in *Grant* is a bit closer procedurally to what occurred in this case. There two passengers in a vehicle were charged with being drunk in public on August 31, 1974, four months before the repeal of that statute took effect. 89 Wn.2d at 680, 682. The case was tried in the justice court in 1974 and both passengers were convicted. They appealed to superior court and their trial de novo was conducted in May 1975, several months after the statute's repeal. The Uniform Alcoholism and Intoxication Treatment Act, ch. 70.96A RCW, took effect in between the two trials. *Id.* at 682. The new statute provided that "It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment." *Id.* One of the two defendants was convicted of public intoxication in superior court and appealed to this court, which certified the case to the Washington Supreme Court. *Id.* at 680-81. That body concluded that the "may not be subjected to criminal prosecution" language was "an express declaration of a legislative intention" that "no person shall go to trial on such a charge after the effective date of the act." *Id.* at 684. The court also noted that the remedial nature of the new legislation required liberal construction in order to effectuate its purpose. *Id.* at 685.

3

While both of those statutes contained clear language negating continued prosecutions ("not ever" and "may not be subjected to criminal prosecution"), Initiative 502 (I-502) had no similar language. As the trial judge, the Honorable James Hurson, aptly noted, "a 'new approach' does not express an intent for retroactive application." Clerk's Papers at 13. The majority focuses on the "stop treating adult marijuana use as a crime" language, although that is no more persuasive. While "stop treating" suggests an end to the old approach in favor of a new one, it does not speak to what is to be done with pending cases.

I agree with the majority that the "intent" section of the initiative must be read in context with the whole of I-502.[2] The language as a whole suggests the initiative is not retroactive. As the majority notes, I-502 did not eliminate the crime of possession of marijuana. Instead, it exempted from the reach of the statute possession by adults over the age of 21 who controlled less than an ounce of the substance. LAWS OF 2013, ch. 3, §§ 15, 20. In other words, those under age 21 still cannot possess marijuana and those

---

[2] Curiously, the majority also cites to the voter's pamphlet in support of its argument. While a voter pamphlet can show voter intent as an aid in construing legislation, it has no play in this circumstance. RCW 10.01.040 requires that an expression of intent be found in the amendatory/repealing statute itself, not in associated legislative history materials. If the intent is not expressed in the statute, the history materials cannot provide it. *Compare, Wash. Citizens Action v. State*, 162 Wn.2d 142, 155, 171 P.3d 486 (2007) (voter's pamphlet materials could not cure initiative's textual violation of constitution). Nonetheless, since the cited voting pamphlet material is just a recitation of the intent section of the initiative, it adds nothing that is not already in the legislation.

4

over age 21 can possess only up to one ounce without running afoul of the law. While this is a different approach for the law in the case of those over 21, it is not a repeal of the statute nor even a change of law for those under 21 years of age or those over 21 who possess large quantities. It is a very far cry from "not ever" prosecuting cannabis under the Narcotic Drug Act or stating that intoxicated persons "may not be subject to criminal prosecution" under RCW 70.96A.

The language of the initiative provides that some people may not be prosecuted if they obey the law. That simply is nowhere near strong enough language to overcome the "presumption" of the savings clause. Instead, the savings statute applies to preserve this pending prosecution, as that statute has long done. *E.g., State v. Ames*, 47 Wash. 328, 332, 92 P. 137 (1907) (piloting without license prosecution still valid despite repeal of crime during appeal); *State v. Walker*, 7 Wn. App. 878, 881-882, 503 P.2d 128 (1972), *rev'd in part on other grounds*, 82 Wn.2d 851, 514 P.2d 919 (1973) (repeal of drug statute five days after crime and one month before charges filed did not prevent prosecution).[3] If the repeal of a statute is insufficient evidence of intent to overcome the savings statute, most certainly a mere amendment preserving the offense but limiting its application also is not sufficient evidence to overcome the savings statute.

---

[3] This aspect of the Court of Appeals decision in *Walker* was cited with approval in *Grant*, 89 Wn.2d at 684.

5

No. 32282-3-III
*State v. Rose*

I-502 did not repeal the marijuana possession statute even while it restricted its application to those over age 21. There is no stated intent to apply those restrictions to pending cases. Accordingly, the savings statute applies and this prosecution was not impeded. Mr. Rose agrees that he violated the terms of his deferral and that it was proper to revoke it. His conviction, therefore should be affirmed.

I respectfully dissent.

_____
Korsmo, J.

6