**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| CITY OF PORT TOWNSEND, | No. 47170-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RYAN A. BOWEN, | |
| Petitioner. | |

MAXA, J. — Ryan Bowen filed a motion for discretionary review of his conviction for possession of less than 40 grams of marijuana, entered by a court of limited jurisdiction. RAP 2.3(d). A commissioner of this court granted review. After we accepted review, Bowen and the City of Port Townsend filed an agreed motion to reverse the conviction. We reverse and dismiss Bowen's conviction with prejudice.

FACTS

Bowen was charged with misdemeanor marijuana possession on May 28, 2012. He entered into a pretrial diversion agreement on June 25, 2012. On November 6, 2012, Washington voters passed Initiative 502 (I-502), decriminalizing the possession of small amounts of marijuana. I-502 became effective on December 6, 2012.

In 2014, the district court found that Bowen had failed to comply with the terms of his diversion agreement. The district court revoked the diversion agreement and conducted a

stipulated facts bench trial. The district court found Bowen guilty of possession of less than 40 grams of marijuana. Bowen appeals his conviction.

ANALYSIS

The parties rely on *State v. Rose*, 191 Wn. App. 858, 365 P.3d 756 (2015), *review denied*, No. 92726-0 (Wash. June 1, 2016) and *State v. Gradt*, 192 Wn. App. 230, 366 P.3d 462 (2016) to jointly argue that the City's opposition to Bowen's appeal is futile and a waste of public funds. Upon review of *Rose* and *Gradt*, we agree.

In *Rose*, Division Three of this court reversed the conviction of a defendant who entered into a deferral agreement before the passage of I-502, but who was convicted at a stipulated facts bench trial conducted after I-502 became effective. *Rose*, 191 Wn. App. at 861-63. The court concluded that I-502 applied retroactively to cases in progress. *Id.* at 868-69, 71. Therefore, it reversed the defendant's convictions for possession of less than 40 grams of marijuana and use of drug paraphernalia. *Id.* at 871.

In *Gradt*, we held that I-502 must be applied retroactively to a defendant who was cited for marijuana possession before the effective date of I-502, but who was tried and convicted after voters passed the initiative. 192 Wn. App. at 236-37. Accordingly, we reversed the defendant's conviction. *Id.* at 237.

The facts here are almost identical to those in *Rose*. Because *Gradt* and *Rose* control, we reverse and dismiss Bowen's conviction with prejudice.

No. 47170-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:


_____
JOHANSON, J.

_____
BJORGEN, C.J.