IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34349-9-III |
| Respondent, | ) | (consolidated with |
| | ) | No. 34454-1-III) |
| v. | ) | |
| | ) | |
| MARGARET J. GRINSTEAD, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| MARGARET J. GRINSTEAD, | ) | |
| | ) | |
| Petitioner. | ) | |

SIDDOWAY, J. — In this consolidated proceeding, we consider Margaret Grinstead's appeal of the trial court's denial of a motion to amend her sentence, and her personal restraint petition. Both challenge the trial court's refusal to reduce the term of her sentence for third degree theft to 364 days. Finding no abuse of discretion, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Margaret Grinstead is a Canadian citizen and a legal permanent resident of the United States. On January 25, 2010, the State charged her with three counts of second degree theft with domestic violence, one count of first degree theft with domestic

violence, one count of conspiracy to commit theft of a vehicle, and one count of presenting a false insurance claim.

Less than a month after being charged, Ms. Grinstead entered an *Alford*[1] plea to third degree theft, a gross misdemeanor. The trial court sentenced Ms. Grinstead to 365 days' confinement, with 360 days suspended.

A year after Ms. Grinstead's plea, the Washington legislature reduced the maximum penalty for a gross misdemeanor from a year in jail to 364 days. It recognized that a sentence of a year in jail for a misdemeanor can result in the automatic deportation of a person who has lawfully immigrated, which it found to be a disproportionate outcome. 13 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE & PROCEDURE: MAXIMUM SENTENCE § 4806, at 367-68, n.3 (3d ed. 2004); LAWS OF 2011, ch. 96, § 1 (effective July 22, 2011).

On April 29, 2015, Ms. Grinstead filed a CrR 7.8 motion in the trial court, asking it to reduce the term of her sentence to 364 days. She argued that the legislature's 2011 amendment of RCW 9A.20.021(2) operated retroactively, and the court should give her the benefit of the change.

Unpersuaded that the change to RCW 9A.20.021(2) applies retroactively, the trial court denied her motion. Ms. Grinstead appeals. She also filed a personal restraint

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

petition, seeking the same relief, which was consolidated with her appeal.

ANALYSIS

Although Ms. Grinstead's personal restraint petition contains the type of evidentiary support we ordinarily see in connection with a motion to vacate a guilty plea on account of a defense lawyer's ineffective advice on immigration consequences, the only relief she requests in her petition is the reduction of the term of her sentence to 364 days. We need not analyze whether she received ineffective assistance of counsel because, if found, it would only entitle her to withdraw her guilty plea and face the prospect of trial on all of the original charges.[2] The only issue presented by both her petition and appeal is whether the trial court erred or abused its discretion in denying her motion to amend her judgment.

Under CrR 7.8(b)(5), a "court may relieve a party from a final judgment, order, or proceeding for" any "reason justifying relief from the operation of the judgment." Final judgments should be vacated or altered only in those limited circumstances "'where the interests of justice most urgently require.'" *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011) (quoting *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989)). Because the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, does not apply

---

[2] For the same reason, we need not address Ms. Grinstead's statement of additional grounds, in which she elaborates on the respects in which she believes her trial lawyer was ineffective. Since she does not seek to withdraw her plea and stand trial on the original charges, the effectiveness of her trial lawyer is irrelevant.

to misdemeanor judgments, the SRA's requirements for modifying a final judgment do not apply. *State v. Whitney*, 78 Wn. App. 506, 517, 897 P.2d 374 (1995) (SRA does not apply); *cf. Shove*, 113 Wn. 2d at 89 (limiting modification of SRA sentences).[3]

We review a trial court's ruling under CrR 7.8 for an abuse of discretion.[4] *State v. Forest*, 125 Wn. App. 702, 706, 105 P.3d 1045 (2005). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds; this includes making a reasonable decision but applying the wrong legal standard or basing its ruling on an erroneous view of the law. *State v. Dixon*, 159 Wn.2d 65, 75-76, 147 P.3d 991 (2006) (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

The trial court concluded that the legislature's 2011 amendment of RCW 9A.20.021(2) does not apply retroactively, a question of law we review de novo. *State v. Schenck*, 169 Wn. App. 633, 642, 281 P.3d 321 (2012). Generally, statutory amendments are presumed to operate prospectively, not retroactively. *Hale v. Wellpinit Sch. Dist. No. 49*, 165 Wn.2d 494, 507-08, 198 P.3d 1021 (2009). The presumption is overcome

---

[3] It is only because the SRA does not apply that the statute, if retroactive, could affect modification of a final sentence. Ordinarily retroactive laws apply only to pending prosecutions, since SRA sentences can seldom be modified.

[4] Under CrR 7.8(c)(2), the trial court should have determined whether Ms. Grinstead's motion was time barred under RCW 10.73.090 and, if it was, should have transferred it to the Court of Appeals for consideration as a personal restraint petition. *State v. Flaherty*, 177 Wn.2d 90, 92-93, 296 P.3d 904 (2013). Because the trial court considered and decided the motion on its merits, this court's commissioner determined this matter was appealable as a matter of right. Comm'r's Ruling, *State v. Grinstead*, No. 34349-9-III, at 2-3 (Wash. Ct. App. July 22, 2016).

4

only when the legislature explicitly provides for retroactive application or the amendment is curative or remedial. *In re Pers. Restraint of Flint*, 174 Wn.2d 539, 546, 277 P.3d 657 (2012).

Washington's general criminal prosecution saving statute, RCW 10.01.040, presumptively "saves" offenses already committed and penalties or forfeitures already incurred from being affected by the substantive amendment or repeal of a criminal statute. *State v. Rose*, 191 Wn. App. 858, 860, 365 P.3d 756 (2015), *review denied*, 185 Wn.2d 1030 (2016). Offenses are prosecuted under the law in effect at the time they were committed "unless," the statute provides, "a contrary intention is expressly declared in the amendatory or repealing act." RCW 10.01.040.

The legislation amending RCW 9A.20.021(2) in 2011 included a statement of legislative intent "to cure [the] inequity [of automatic deportation] by reducing the maximum sentence for a gross misdemeanor by one day." LAWS OF 2011, ch. 96, § 1. Ms. Grinstead argues that this language fairly conveys an intent that the amendment apply retroactively. We disagree.

Since the saving statute is in derogation of the common law, it is strictly construed and its exception is interpreted broadly. *State v. Kane*, 101 Wn. App. 607, 612, 5 P.3d 741 (2000). But because it is so easy for the legislature to provide in express terms that legislation applies to pending litigation, Washington courts have found the exception to apply only three times: in *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), *overruled in*

5

*part on other grounds, United States v. Batchelder*, 442 U.S. 114, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979); in *State v. Grant*, 89 Wn.2d 678, 575 P.2d 210 (1978); and most recently, in connection with I-520, in *Rose* and in *State v. Gradt*, 192 Wn. App. 230, 366 P.3d 462 (2016). In each amendment involved in those cases, the legislature's language went beyond identifying the problem that prompted it to change the law. They included language that certain laws "'shall not ever be applicable,'" that persons "'may not be subjected to criminal prosecution,'" or that "'people intend to stop treating adult marijuana use as a crime'" and "'[a]llow[ ] law enforcement resources to be focused on violent and property crimes'"—all language conveying an intent to affect pending prosecutions. *See Rose*, 191 Wn. App. at 865 (quoting *Zornes*, 78 Wn.2d at 13); 866 (quoting *Grant*, 89 Wn.2d at 682); 868 (quoting LAWS OF 2013, ch. 3, § 1(1)). The amendment to RCW 9A.20.021(2) includes no equivalent language. No intent to apply retroactively is clearly conveyed.

The second exception to the presumption against retroactivity occurs when a statute is remedial. *Flint*, 174 Wn.2d at 546; *State v. Humphrey*, 139 Wn.2d 53, 62, 983 P.2d 1118 (1999). "A statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive right." *State v. Parmlee*, 172 Wn. App. 899, 909, 292 P.3d 799 (2013). The amendment to RCW 9A.20.021(2) is substantive, not remedial.

6

Finally, the presumption against retroactivity does not apply to curative amendments, meaning one that "clarifies or makes a technical correction to an ambiguous statute." *Flint*, 174 Wn.2d at 546. Ms. Grinstead suggests that the legislature's use of the word "cure" in its findings indicates the amendment to RCW 9A.20.021(2) was curative. But the clear import of the legislative findings is that existing law unambiguously provided for a 365 day maximum sentence for gross misdemeanors that the legislature changed to avoid disproportionate immigration consequences for misdemeanants. The amendment was not curative in the sense that results in retroactive application.

The trial court did not misapply the law. Ms. Grinstead shows no other abuse of discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

7